IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20101
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL EDWARD WHITFIELD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-269-1
--------------------
January 4, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carl Edward Whitfield appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He argues that the district court erred in denying his motion to suppress the firearm seized during the execution of a search warrant of his residence for narcotics and his oral and written statements as "tainted fruit" of the allegedly unconstitutional seizure. The officers' seizure of the firearm was justified under the plain-view doctrine because the officers lawfully entered the residence pursuant to a valid search

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warrant, the firearm was in plain view, the officers had probable cause to associate the firearm with Whitfield's criminal activity of drug-trafficking, and the officers had a lawful right of access to the firearm as they were executing a valid search warrant.  See United States v. Espinoza, 826 F.2d 317, 317-19 (5th Cir. 1987).  Because the seizure of the firearm was lawful under the plain-view doctrine and because Whitfield was given two separate warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966) before making his oral and written statements, Whitfield's oral and written statements were not "tainted" by an allegedly unconstitutional seizure of the firearm.  See id.

AFFIRMED.